IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | NO. CR 08-2967 RB |
| ) | |
| ) | |
| DAVID JOSEPH DUBE, ) | |
| ) | |
| Defendant. ) | |

## COURT'S FINDINGS AND CONCLUSIONS

**THIS MATTER** came before the Court for a hearing on the United States of America's Motion Regarding Defense Attorney Conflict (Doc. 40), on March 12, 2009. Assistant United States Attorneys Stephen Wong and Andrea Hattan appeared on behalf of the United States. Mark D'Antonio, Esq. appeared on behalf of Defendant as retained counsel. Kenneth Del Valle, Esq. was also present as independent counsel for Defendant. Mr. Del Valle had met with Defendant, in person, for more than one hour prior to the hearing in order to advise Defendant about the potential conflict of interest. In addition, the hearing was recessed for Mr. Del Valle to review documents and consult with Defendant.

During the hearing, the Court questioned Defendant as to Defendant's understanding of the potential conflict of interest and Defendant provided a narrative statement, under oath and on the record, as to Defendant's understanding of the nature of the situation. Additionally, Mr. Del Valle discussed his conversations with, and advice to, Defendant regarding the potential conflict. At the conclusion of the hearing, Mr. Wong asked the Court to make certain findings on the record and the Court agreed to make such findings.

**WHEREFORE,** having considered the relevant law, record, testimony of Defendant, statements of counsel, and being otherwise fully advised, the Court finds and concludes:

(1) Defendant was fully advised of his rights with regard to conflict-free counsel;

(2) Defendant fully understands the nature of the potential conflict of interest;

(3) Defendant waived his right to conflict-free counsel;

(4) Defendant knowingly and intelligently made the decision to proceed with Mr. D'Antonio as his counsel;

(5) the potential conflict is the type of conflict that may be waived; and

(6) a rational defendant in Defendant's position, as of March 12, 2009, could choose to go forward with Mr. D'Antonio as his counsel.

*[signature]*

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**